UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RURAL GREEN I LIMITED PARTNERSHIP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UR MENDOZA JADDOU, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-00143-RSM <br><br> ORDER GRANTING MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. #11. The parties have filed opposition and reply briefs, Dkts. #13 and #15. No party has requested oral argument. For the reasons stated below, the Court GRANTS Defendants' Motion.

## II.   BACKGROUND

Plaintiffs filed two Form I-956F Applications for Approval of an Investment in a Commercial Enterprise, on June 14, 2022, and December 7, 2022 ("the applications"). Dkt. #1 at 2. On February 2, 2024, while the applications remained pending with U.S. Citizenship and Immigration Services ("USCIS"), Plaintiffs commenced this litigation alleging that USCIS had a nondiscretionary duty to adjudicate the applications and that said adjudication had been

ORDER GRANTING MOTION TO DISMISS - 1

unreasonably delayed. *Id*. On March 8, 2024, USCIS issued Notices of Intent to Deny ("NOIDs") both applications. *See* Dkt. #10 at 2. Consequently, by decisions dated May 24, 2024, and June 5, 2024, USCIS adjudicated the applications with denials. *See* Dkts. #12-1 and #12-2.

### III.   DISCUSSION

####   a. Legal Standard

Under Rule 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. "Jurisdiction is a threshold separation of powers issue, and may not be deferred until trial." *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss [pursuant to Rule 12(b)(1)]." *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994).

When a defendant makes a factual challenge to the court's jurisdiction, the court "need not presume the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Instead, the court can look beyond "the face of the pleadings, [and] review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, the court may weigh the evidence to determine whether it has jurisdiction."). Once a defendant makes a factual challenge to the court's jurisdiction, it "becomes necessary for the party opposing the motion [to dismiss] to present affidavits or any other evidence necessary to satisfy its burden of establishing

that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

### b. Analysis

Defendants argue that USCIS has provided the relief that Plaintiffs sought in their original complaint by adjudicating their applications, thus rending their claims moot. Dkt. #11 at 3. The Court agrees. "A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). Thus, "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Id*. In other words, the threshold question becomes "whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (cleaned up). Here, Plaintiffs sought the adjudication of their applications from USCIS, and when, during the pendency of litigation, a plaintiff receives the relief they sought in the complaint, the action becomes moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Said differently, when USCIS adjudicated Plaintiffs' applications with denials on May 24, 2024, and June 5, 2024, *see* Dkts. #12-1 and #12-2, their claims became moot, and consequently, the Court's subject matter jurisdiction was no more.

Plaintiffs attempt to keep this case alive by requesting a stay pursuant to Rule 56(d) to allow them to seek discovery regarding the denial of the applications. Dkt. #13 at 1. Defendants respond that this goes to the substance of the denials rather than the adjudication of the applications, which was the basis of this litigation in the first place. Dkt. #15 at 3. The Court again agrees with Defendants. Further discovery cannot proceed in a case where the Court lacks

ORDER GRANTING MOTION TO DISMISS - 3

subject matter jurisdiction, and an appeal of the denial of the applications by USCIS is necessarily a separate administrative procedure.

## IV. CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1), Dkt #11, is GRANTED. This case is CLOSED.

DATED this 5th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE